**In re PETROTEX MINERALS, INC.,
Alleged Debtor.**

**Bankruptcy No. 79–03065A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 21, 1980.

Benjamin C. Abney and Mark A. Kelley, Carr, Abney, Tabb & Shultz, Atlanta, Ga., for petitioning creditor.

Edward L. Greenblatt, Jack Holland, James W. McKenzie, Jr., Haas, Holland, Lipshutz, Levison & Gibert, Atlanta, Ga., for alleged debtor.

## ORDER AND MEMORANDUM

## STATEMENT OF THE CASE

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This Order arises from a motion for summary judgment by the alleged debtor in an involuntary Chapter 7 case, 11 U.S.C. § 303. The case was filed on October 15, 1979, and on March 21, 1980, after a "paper war", this Court ordered the alleged debtor to answer certain interrogatories for the purpose of determining whether the case should be retained in this district "in the interest of justice and for the convenience of the parties" under 28 U.S.C. § 1477 and Bankruptcy Rule 116(b)(2). The Order of March 21, 1980 is now on appeal.

On April 2, 1980, the alleged debtor filed this motion for summary judgment alleging that there is no issue of material fact as to whether said debtor is solvent or "is able to and does timely pay its debts," and that therefore this involuntary proceeding should be dismissed. The debtor alleged that it has no "connection" in this district for the purposes of jurisdiction and venue, that this case is an abuse of process and that it is nothing more than an effort to "collect" a debt without traveling "around the country." The alleged debtor also challenged the constitutionality of the provisions allowing the Bankruptcy Court to retain a case where venue is improper. 28 U.S.C. § 1477, Bankruptcy Rule 116(b)(2).

On April 9, 1980, the petitioning creditor filed a brief in opposition to this motion for summary judgment. The creditor disputed the allegation that the debtor was solvent and the allegation that this case is a mere debt collection device. The creditor also disputed the proposition that the issue of whether a "connection" to this district exists can be decided prior to the completion of discovery. The creditor further contends that a motion for summary judgment made by a party contesting venue is improper in that a request for determination on the merits is inconsistent with the position that the Court has no authority to decide the issue. The creditor finally states that the debtor's motion for summary judgment should be denied because it is based upon a legally incorrect interpretation of 11 U.S.C. § 303(h)(1).

## FINDINGS OF FACT

### 1.

The alleged debtor owes the petitioning creditor a debt in the amount of approximately $25,000.00.

### 2.

As of February 6, 1980, the debtor owed to the Northwestern National Bank of Minneapolis a debt in the amount of approximately $200,000.00.

### 3.

The debtor has one asset known to this Court, a judgment against The Fremont Company with an outstanding balance remaining to be paid of approximately $163,-300.00.

### 4.

The debtor is not paying the debt of the petitioning creditor which is due.

## CONCLUSIONS OF LAW

The alleged debtor seeks a summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure as applied to this Court by Bankruptcy Rules 121 and 756. Such a judgment can be granted only upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, Fed.R.Civ.P.

As one commentator has stated:

"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any doubt as to the existence of any genuine issue of material fact." 6 *Moore's Federal Practice* ¶ 56.-

15[3] pp. 56–463–467 (2nd ed. 1976). [footnotes omitted].

This presents the Court with the question of whether the movant has shown that there is no genuine issue as to any material fact under the applicable substantive law. The substantive law applicable here is 11 U.S.C. § 303(h) which states in pertinent part:

"Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if— (1) *the debtor is generally not paying such debtor's debts as such debts become due* ; . . ." [emphasis added].

In order to grant the debtor's motion for summary judgment the Court must decide that the debtor had shouldered his burden to "make a showing that is quite clear" that the debtor is generally paying his debts as they become due. This Court does not find that the debtor has made such a showing.

The petitioning creditor has shown that the debtor has at least two outstanding debts and has not paid at least one of them as it has come due. The petitioning creditor had indicated that he does not know of any other creditors who are not being paid by the debtor. This information is in the sole possession of the debtor. The creditor has sought this information through interrogatories under the provisions of Bankruptcy Rules 914 and 733. These interrogatories have not been answered pending an appellate decision as to whether the alleged debtor must answer them. While the debtor stands well within its rights in not providing information concerning its creditors pending appeal, this Court cannot accept this as a clear showing that the debtor is generally paying his debts as they become due. To do so would be tantamount to accepting the position that an unpaid creditor must know all about a debtor before filing an involuntary petition. This would require a petitioning creditor in order to avoid a summary judgment to prove that the debtor does not have other regularly paid, but unknown, creditors in sufficient numbers to meet the "generally not paying debts" requirement. That this position is invalid is clearly demonstrated by Interim Rule 1008, promulgated by the Advisory Committee on Bankruptcy Rules, Judicial Conference of the United States and adopted in this district. This Rule states that:

"Whenever a petition commencing an involuntary case under § 303 of the Bankruptcy Code alleges that the debtor is generally not paying his debts as they become due, and the debtor denies the allegation, the debtor shall appear in court at the trial, and prior thereto if ordered by the court, with his books, papers, and accounts, and submit to an examination as to all matters bearing on the allegation." Interim Rule 1008.

Since the debtor is in sole possession of the information bearing on the issue of whether he is generally paying his debts, it would defect the purposes of 11 U.S.C. § 303 to require the petitioning creditor to provide such information even at trial. It is clear that a petitioning creditor can raise, and has here raised, a genuine issue of fact as to whether the debtor is generally paying his debts as they come due.

The debtor contends that there is no genuine issue of material fact because the "generally-not-paying-debts-as-due" test is an adaptation and adoption of the "equity insolvency test." The debtor states that the prime element of this test is the present *inability* to pay debts as they mature. The debtor then finds no genuine issue as to its ability to pay its debts. While not deciding whether this "equity insolvency test" is appropriate under the language of 11 U.S.C. § 303, the Court notes that even if this test is adopted, the record indicates that an issue of fact exists concerning the debtor's solvency. The petitioning creditor has shown assets of the debtor totalling approximately $163,300 and mature unpaid debts totalling approximately $225,000. While the debtor disputes at least the portion of this sum owed to the petitioning creditor, the debtor does not "make a showing that is quite clear what the truth is." 6 *Moore's Federal Practice, supra.*

This Court finds that either under the plain language of § 303 or under the equity insolvency test proposed by the debtor that genuine issues of material fact exist as to whether or not the debtor is generally paying its debts as they become due.

The debtor also attacks the constitutionality of 28 U.S.C. § 1477, which allows a Bankruptcy Court to retain a case in the interest of justice and for the convenience of the parties where venue would otherwise be improper. Since this Court has not made a determination of whether or not it will retain this case, arguments as to the constitutionality of the statute which grants it such authority are premature. See 13 Wright, Miller and Cooper, *Federal Practice and Procedure*: Jurisdiction § 3532 (1975).

It is therefore ORDERED and ADJUDGED that the alleged debtor's motion for summary judgment shall be and is denied.

IT IS SO ORDERED.