**In re BLAINE RICHARDS & CO., INC., Debtor.**

**Bankruptcy No. 180–06014–21.**

United States Bankruptcy Court, E. D. New York.

Jan. 6, 1982.

See also, Bkrtcy., 10 B.R. 424.

Goldman, Horowitz & Cherno, Mineola, N. Y., for debtor by William M. Goldman, Mineola, N. Y.

Fogelson, Fogelson & Collins, New York City, for J. H. Rayner & Co., Ltd., petitioning creditor by Nancy A. Klein and Jeffrey P. Fogelson, New York City.

Moore, Berson, Lifflander & Newhinney, New York City, Counsel to Fogelson, Fogelson & Collins by Michael T. Sullivan, New York City.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Before the Court for decision are cross-motions seeking summary judgment with respect to an involuntary petition in bankruptcy filed October 8, 1980 pursuant to 11 U.S.C. § 303.

J. H. Rayner & Co., Ltd. ("Rayner"), the sole petitioning creditor, is moving for summary judgment on the petition, and for the adjudication of Blaine Richards & Co., Inc. ("Richards"). Richards is cross-moving for summary judgment dismissing the petition, or, in the alternative, for an order of dismissal pursuant to § 305(a)(1) of the Bankruptcy Code, which authorizes dismissal or suspension of a bankruptcy proceeding in the interests of creditors.[1]

An earlier Opinion in this proceeding denied Richards' motion to dismiss predicated on the ground that it had twelve or more creditors, necessitating that at least three creditors join in the petition. 11 U.S.C. § 303(b)(2) permits a single creditor to file an involuntary petition only if there are fewer than twelve entities holding claims not contingent as to liability aggregating at least $5,000. After taking extensive testimony, this Court denied Richards' motion on April 10, 1981; it concluded that enough of the creditors claimed by Richards should be eliminated to bring the number of its creditors below twelve.

Shifting position, Richards now claims that it has no creditors, other than Rayner, to whom it denies owing any money. Furthermore, even assuming, *arguendo*, that debt to exist, Richards contends that the failure to pay a single debt would not support an order for relief under 11 U.S.C. § 303(h), which requires the bankruptcy court to find that "the debtor is generally not paying such debts as such debts become due."[2] Rayner for its part asserts that it has a clear right to be paid at least $556,000

---

**1.** 11 U.S.C. § 305(a) provides: "(a) the court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; * * *."

**2.** 11 U.S.C. § 303(h) reads: "If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—(1) the debtor is generally not paying such debtor's debts as such debts become due; * * *."

by Richards, and that Richards' default on a debt of this magnitude satisfies the statutory standard.

Neither Richards nor Rayner has provided the Court with much information respecting the nature of Richards' business, nor much detail regarding the controversy between them.

What is known is that Rayner is a corporation organized under the laws of England with its principal place of business at 39 Hatton Garden, London, England. Richards is a New York corporation with its principal place of business in Lake Success, New York. Both agree that on November 15, 1978, they entered into a joint venture for the purchase and sale of sesame seeds; that differences arose between them, leading to a suit by Rayner against Richards in the Supreme Court of the State of New York, County of Nassau; that this litigation was suspended, but not discontinued, after the parties executed a second written agreement. However, they are in total disagreement respecting the meaning of that second agreement entered into on January 4, 1980.

Rayner has admittedly received $98,474.92 pursuant to this agreement, but maintains that there is due under it a minimum of $664,000, leaving a balance due of $565,525.08.

Richards contends that nothing is due Rayner; that from the face of the agreement, it is clear that Rayner was to receive only the proceeds from the liquidation of the joint venture; that it has received its share of those proceeds; and that nothing more is due it. Richards contends that since it owes nothing to Rayner, the fact that Rayner has been paid nothing more than it has already received does not represent a failure by Richards to pay its debts as they become due, and that, accordingly, there is no basis for declaring it bankrupt.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this case by Bankruptcy Rules 756 and 121, when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

The Court of Appeals for the Second Circuit has had occasion recently to restate the principles applicable to the grant of summary judgment:

"The standards for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure are well established. It is a remedy reserved for cases in which the Rule's requirements are clearly satisfied. The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.' *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1319–20 (2d Cir. 1975). The courts should resolve all ambiguities and draw all reasonable inferences against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962) (per curiam). If the party opposing summary judgment 'generates uncertainty as to the true state of any material fact, the procedural weapon of summary judgment is inappropriate.' *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444–45 (2d Cir. 1980)." *American International Group, Inc. v. London American International Corporation Limited*, 664 F.2d 348 (2d Cir. 1981).

■ Applying this yardstick, neither Richards, nor Rayner, has established its right to summary judgment.

11 U.S.C. § 303(h) authorizes entry of an order in an involuntary case *after trial* if the "debtor is generally not paying such debtor's debts as such debts become due." Clearly, there is an issue of fact as to whether Richards has been paying its debts as they become due. *In re Petrotex Minerals, Inc.*, 5 B.R. 29, 6 B.C.D. 357, 1 C.B.C.2d 1065 (Bkrtcy.N.D.Ga.1980). This issue is not terminated by Richards' assertion that Rayner is its sole unpaid creditor. Uncertainty as to the true state of this material fact has been generated by the proof Richards itself offered respecting its many unpaid creditors, including its accountant, at the time the petition was filed.

■ But even were the Court to assume that Richards had no creditor other than

Rayner, summary judgment would, nevertheless, be inappropriate. Under certain circumstances, nonpayment of a single debt can justify entry of an order for relief under Chapter 7 of the Bankruptcy Code. *In re 7H Land & Cattle Corp.,* 6 B.R. 29, 2 CBC2d 554, 6 BCD 572 (Bkrtcy.D.Nev.1980); *In re Arker,* 6 B.R. 632, 6 BCD 1281, 3 CBC2d 121 (Bkrtcy.E.D.N.Y.1980); *In re Hill,* 5 B.R. 79, 2 CBC2d 646, 6 BCD 659 (Bkrtcy.D.Minn.1980). Following principles developed in France and Canada (*see Honsberger,* "Failure to Pay One's Debts Generally As They Become Due: The Experience of France and Canada," 54 *Amer.Bankr.L.J.* 153 (Spring 1980)), Bankruptcy Judge Parente of the Eastern District of New York has concluded that while ordinarily there can be no order for relief based on the mere failure to pay a single creditor, there are certain exceptions, one of which is that the creditor would otherwise be without an adequate remedy under non-bankruptcy law.

Another emerging principle is that a dispute as to the existence of a debt does not disqualify the disputed debt from consideration in determining whether the debtor is failing to meet its obligations. *In re Covey,* 650 F.2d 877, 7 BCD 1069, 4 CBC2d 719 (7th Cir. 1981). *But see In re All Media Properties & Artlite,* 5 B.R. 126, 144, 2 CBC2d 449, 469, 6 BCD 586, 594 (Bkrtcy.S.D.Tex.1980), *aff'd,* 646 F.2d 193 (5th Cir. 1981). The Court of Appeals for the Seventh Circuit has flatly rejected "a universal rule excluding disputed debts from the calculation of 'generally paying debts.'" 650 F.2d at 802. Rather, the Seventh Circuit suggests a three-stage approach which the bankruptcy courts should apply in determining whether or not to include disputed debts in passing on an involuntary petition. Under the Seventh Circuit's test, a disputed debt is to be counted in applying § 303(h), and resolution of the dispute is to be deferred to a later stage in the proceeding, unless the dispute (1) relates both to the whole of the debt, and (2) does not involve substantial litigation. If the bankruptcy court can resolve the dispute without substantial litigation, and if it relates to the whole of the debt,

then the bankruptcy court may proceed to do so, provided that the danger to the debtor from forcing it into involuntary bankruptcy outweighs the danger to creditors' interests from some delay in the bankruptcy determination. However, the Seventh Circuit was not dealing with a case in which the disputed debt was the only one not being paid.

The policy considerations are necessarily more difficult where the only debt which is unpaid is that owing the disputed creditor. In that case, it could be urged that the debtor is confronted with the Hobson's choice of either paying a debt he does not deem himself to owe, or be forced into involuntary bankruptcy. On the other hand, if a single creditor is entitled to claim the benefits of the bankruptcy laws under certain circumstances, as several courts have held, the debtor should not be able to bar the creditor from such benefits by simply denying the existence of the debt.

Putting together the decisions recognizing that failure to pay a single debt may constitute "generally not paying such debtor's debts," and the Seventh Circuit's decision holding that a disputed debt is not to be excluded in considering whether a debtor is meeting his obligations, appears to lead to the conclusion that the failure to pay a single large creditor, who might otherwise be without an adequate remedy under non-bankruptcy law, may support a positive finding under 11 U.S.C. § 303(h), despite the fact that the debt of the single large creditor is disputed. This would require that all issues of fact be resolved in favor of the creditor, including the presence of those special circumstances which the courts who have recognized the right of a single creditor to force bankruptcy have held to be necessary.

Whether failing to issue an order for relief in this case would leave Rayner without an adequate remedy under non-bankruptcy law is closely related to the issues raised by Richards' motion under 11 U.S.C. § 305(a)(1), *i.e.,* whether the Court should abstain from this proceeding. *Cf. In re*

**366**

*Arker, supra; In re Luftek,* 6 B.R. 539, 6 BCD 1083, 2 CBC2d 1351 (Bkrtcy.E.D.N.Y. 1980); *In re R. V. Seating, Inc.,* 8 B.R. 663 (Bkrtcy.S.D.Fla.1981). The only reason suggested by Rayner's papers why adequate relief is not available elsewhere is that preferences are present here which can only be undone in the bankruptcy court. Since neither party focused on this issue, there may be other reasons, as well. In any event, disposition of Richards' motion under 11 U.S.C. § 305(a)(1) appears premature without more information than either side has as yet vouchsafed.

Passing for the present, therefore, whether abstension might be appropriate, the summary disposition sought by both parties is clearly not available. Issues of fact are present, even assuming that Richards is paying all its debts but the disputed obligation to Rayner. Richards must either establish that it owes nothing to Rayner, or that even if it does, that Rayner has an adequate remedy under non-bankruptcy law, or otherwise can show no exceptional circumstances justifying recourse to the bankruptcy court. Equally, Rayner cannot prevail on its motion for summary judgment since it must establish the converse of these propositions. The dispute between Richards and Rayner as to whether any money is owed Rayner, turning, as it does, on a document whose meaning is the subject of an intense controversy, is not susceptible of disposition without trial.

For the foregoing reasons, both motions for summary judgment are denied. Richards' motion under § 305(a)(1) is also denied, without prejudice to its renewal at a future time.

An Order consistent with this Opinion is being entered contemporaneously herein.