**In re Elisa FERRI, Debtor.**

**No. 885–51901–20.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

March 31, 1986.

Jeffrey Dale Welsh, Leiby & Welsh, New York City.

Gerard D. De Santis, Lynbrook, N.Y.

**ROBERT JOHN HALL,** Bankruptcy Judge.

This matter came to be heard on the involuntary petition for bankruptcy by Leiby and Welsh, P.C. against Elisa Ferri. The court finds that Ms. Ferri has shown that she has defenses and counterclaims to petitioner's claim which could be substantiated. Accordingly petitioner has failed to establish that its claim is undisputed, and the case is hereby dismissed.

### DISCUSSION

11 U.S.C. § 303(b)(1) & (2) provides that an involuntary petition for bankruptcy may be commenced against a person by a holder of a claim of at least $5000 that is "not subject on [sic] a bona fide dispute." The issue in this case is whether Leiby and Welsh's claim is undisputed.

In support of their petition, Leiby and Welsh introduced evidence of an unpaid bill of $36,000 for legal services they performed for Ms. Ferri. In opposition, Ms. Ferri testified that the bill is inflated, the services were poorly rendered, and that she suffered more than $36,000 worth of damages as a consequence. In support of her allegations, Ms. Ferri testified that she lost a large sum on the sale of a house because liens were attached to it and because it caught fire long after the sale would have been consumated but for her lawyer's malpractice. Further, she testified that Leiby and Welsh's malpractice caused her to lose child support payments. Further, she testified that she has suffered because she is still married despite her retaining the firm for a divorce two years ago. Finally, Ms. Ferri introduced a ruling from a related state court action in which Judge Brucia of the New York State Supreme Court, Nassau County, found that "a dispute exists as to the amount" of Leiby and Welsh's lien on Ms. Ferri's case file.

After lengthy and rigorous cross-examination by Mr. Welsh of his former client, it looks like Ms. Ferri's defenses and counterclaims hinge on a determination of who caused her misfortunes: herself or her lawyer. Ms. Ferri made no admissions that settle the issue in favor of Leiby and Welsh, and therefore the case is in dispute. The court need not reach the merits of Ms. Ferri's allegations to decide whether Leiby and Welsh has an undisputed claim. Rather, the court finds that since Ms. Ferri has asserted "substantiable" defenses and counterclaims she has carried her burden of proof to establish a dispute. *In re B.D. Intern. Discount Corp.,* 701 F.2d 1071 at 1077 (2d Cir.) *cert. denied* 464 U.S. 830, 104 S.Ct. 108, 78 L.Ed.2d 110 (1983).[1]

Accordingly, the petition for involuntary bankruptcy is denied.

SO ORDERED.

---

**1.** *In re B.D. Intern. Discount Corp.* set forth the requirement in 1983 that debts in involuntary bankruptcies be undisputed. Congress formally amended the language of 11 U.S.C. § 303(b)(1) to provide the same in 1984. *See* 130 Cong.Rec. S 7618 (June 19, 1984).