## In re GOLD BOND CORPORATION, Debtor.

### Bankruptcy No. 8800415.

United States Bankruptcy Court, D. Rhode Island.

March 29, 1989.

Abraham Belilove, Providence, R.I., for debtor.

Richard A. Heim, Vernon, Conn., and Marc D. Wallick, Providence, R.I., for Rice Packaging, Inc.

## MEMORANDUM AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On June 9, 1988, an involuntary Chapter 7 bankruptcy petition was filed against the debtor, Gold Bond Corporation ("Gold Bond"),[1] by Rice Packaging, Inc. ("Rice"), the petitioning creditor herein. Subsequent to this filing, Gold Bond brought two motions to dismiss, which were both denied.[2] Thereafter, on September 12, 1988, Rice filed a Motion for Order for Relief, which we heard on January 4 and 5, 1989. The resolution of this motion is presently before us.

The requirements for initiating an involuntary case against a debtor are set forth in 11 U.S.C. § 303.[3] Essentially, where

---

1. Also known as Gold Bond Pharmaceutical Corporation.

2. Debtor's first Motion to Dismiss was denied, without prejudice, on August 12, 1988. Thereafter, on September 2, 1988, debtor filed a second Motion to Dismiss, which we denied on

September 23, 1988, but which gave debtor 10 days to file its answer.

3. 11 U.S.C. § 303

(b) An involuntary case against a person is commenced by the filing with the bankruptcy

there is only one petitioning creditor, as here, the following must be shown:

(1) that there are less than twelve creditors;

(2) that the debtor is generally not paying its debts as they become due;

(3) that the petitioning creditor holds a claim of at least $5,000;

(4) that such claim is not contingent or not the subject of a bona fide dispute.

11 U.S.C. § 303(b) and (h).

■ Although the burden is on the debtor to prove that it has more than twelve creditors, *see* Bankruptcy Rule 1003(b), the petitioning creditor bears the burden of showing that the debtor is not paying its debts as they become due, and that its claim is not the subject of a bona fide dispute. *In re Rubin,* 769 F.2d 611, 615, 13 C.B.C.2d 599 (9th Cir.1985); *In re Elisa Ferri,* 59 B.R. 656 (Bankr.E.D.N.Y.1986); *In re Nordbrock,* 772 F.2d 397 (8th Cir. 1985); 2 *Collier on Bankruptcy* ¶¶ 303.07, 303.08 (15th ed. 1988). This burden is particularly difficult where there is only one creditor involved, since the general rule is that "if a debtor is not paying a single debt then the case should be dismissed since a creditor cannot prove the debtor is generally not paying 'its debts' as they become due." 2 *Collier on Bankruptcy* ¶ 303.07 (15th ed.1988) (citing *In re Nordbrock,* 772 F.2d 397 (8th Cir.1985)). To avoid this result, the creditor must show fraud or special circumstances. 2 *Collier on Bankruptcy* ¶ 303.08 (15th ed.1988) (citing *Matter of 7H Land & Cattle Co.,* 6 B.R. 29, 2 C.B.C.2d 554 (Bankr.D.Nev.1980); *In re Sol Arker,* 6 B.R. 632, 3 C.B.C.2d 121

(Bankr. E.D.N.Y.1980) (other citations omitted)).

Here, Rice has presented no evidence that Gold Bond is "generally" not paying its "debts" as they become due. The only allegedly unpaid debt discussed during the hearing was that of the petitioner, Rice.

Additionally, none of the special circumstances which have relieved other petitioners, such as fraud, trick or scam, are alleged by Rice. (*see, e.g.,* 2 *Collier on Bankruptcy* ¶ 303.07, p. 303–20 (15th ed.1988) and cases cited therein).

■ Furthermore, Gold Bond in its Answer and Memorandum in Opposition to the Order for Relief, strenuously contends that a bona fide dispute indeed exists as to Rice's claim. Although Rice denies it, we are required to find, based upon the evidence, that Rice's claim is the subject of a bona fide dispute. The demonstration conducted during the hearing, wherein two of the shipped cartons were unsealed and counted with substantial shortages, satisfies us that an overall shortage of more than 10% *may* exist, which would substantiate Gold Bond's position. Moreover, Rice's February, 1988, initiation of suit in the Connecticut Superior Court, when considered together with Gold Bond's answer and counterclaims, also evidences a hotly disputed claim. "A creditor does not have a special need for bankruptcy relief if it can go to state court to collect a debt." *In re Nordbrock, supra,* at 400 (citing *In re Central Hobron Assoc.,* 41 B.R. 444, 448–49 (Bankr.D.Haw.1984); *In re Blaine Richards & Co.,* 16 B.R. 362, 365 (Bankr.E.D.N.Y.1982)). Here, where Rice appears to be the only creditor not being paid, its initial

court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549,

or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims;

. . . .

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute.

strategy of bringing suit in state court to obtain a judgment and thereafter seek collection, remains the correct approach.[4]

Accordingly, for the reasons stated above, Rice's motion for the entry of an Order for Relief is DENIED, and the involuntary petition is dismissed.

Lastly, there are two opposing motions for sanctions pending. Rice and Gold Bond each seek the imposition of sanctions for the allegedly bad faith conduct of the other. Throughout the pendency of this case, both parties have taken extremely adversarial positions, and have engaged in such unnecessarily hyperactive and lengthy litigation, that it is repugnant to the Court to decide in favor of either. In light of the mutual acrimonious behavior of the parties, we deny both motions.

Enter Judgment accordingly.

---

4. Although it has not been shown why Rice did not continue to pursue the state court litigation, but instead filed the instant involuntary petition, the answer is likely tied to the added leverage presumably achieved by the filing of a bankruptcy petition.