**In re Peter MAYHEW, Debtor.**

**Bankruptcy No. 95–11891.**

United States Bankruptcy Court,
D. Rhode Island.

March 26, 1996.

Geoffrey Regan, Cranston, RI, for Debtor.

Russell Raskin, Providence, RI, for Jane Landers.

*ORDER ALLOWING THE INVOLUN-
TARY PETITION, AND ENTERING
THE ORDER FOR RELIEF*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on January 17, 1996, on the objection of the alleged Debtor, Peter Mayhew, to the involuntary Chapter 7 petition filed against Mayhew by Jane Landers. At the conclusion of the hearing, Landers was given additional time to file a supplemental memorandum. Upon consideration of the evidence presented, the arguments of counsel, the memoranda filed, and the applicable law, we make the following findings and conclusions:

(1) The alleged Debtor has fewer than twelve creditors. Mayhew answered the petition claiming that he has in excess of twelve creditors, and appended a list of twenty-three of them. The burden of establishing the existence of twelve or more creditors is with the alleged Debtor, and in this proceeding Mayhew has not met that burden. *See In re Gold Bond Corp.,* 98 B.R. 128, 129 (Bankr.D.R.I.1989). The only evidence presented on this issue was by the Debtor, who conceded that most of the creditors listed had been paid. Also, it is unclear when said creditors were paid, if they were paid with estate funds, or whether they were paid in

full. Based upon the evidence, and giving the alleged Debtor the benefit of many doubts, we find there are, at most, seven creditors and they are as follows: Sears, Schmidt Equipment, J.T. O'Connell, Vermette Lumber, Internal Revenue Service, F.S. Electric, and Century Sheet Metal.

(2) Jane Landers is the holder of a non-contingent, liquidated claim against the Debtor in the amount of $208,850. When the involuntary petition was initially filed, Mayhew's appeal of an arbitrator's award of $208,850 in Landers' favor was pending before the Rhode Island Supreme Court. The parties agreed to hold things in abeyance in this Court until the Supreme Court ruled on the appeal. On October 26, 1995, the Supreme Court affirmed the arbitrator's award and dismissed Mayhew's appeal. *See Landers v. Mayhew,* 666 A.2d 1161 (R.I. Supreme Court 1995).

(3) Landers' request that Steven Ursillo and James Lalime be allowed to join the petition as additional creditors is DENIED, as moot. In light of our finding that there are fewer than twelve creditors, there is no need for Landers to solicit other creditors to join in the petition. *See* Fed.R.Bankr.P. 1003(b).

 (4) The alleged Debtor is generally not paying his debts when they become due. In *Gold Bond Corp.,* we followed the general rule "that 'if a debtor is not paying a single debt then the case should be dismissed since a creditor cannot prove the debtor is generally not paying "its debts" as they become due.' ... To avoid this result, the creditor must show fraud or special circumstances." 98 B.R. at 129 (*quoting 2 Collier on Bankruptcy* ¶ 303.07 (15th ed. 1988) (other citations omitted). In reviewing Mr. Mayhew's debt picture, it is important to note that Landers is the largest ($208,850) creditor, making up 84% of Mayhew's total debt.[1]

Mayhew testified that he "is always a little late" paying his bills, and that he recently fell two months behind on his mortgage payment. He has $300 in the bank, has little work in progress, and offered no indication as to how he plans to pay Landers or his other creditors. Also, he has not made any payments to two creditors whose claims date back to 1994—Vermette Lumber for $5,500, and Century Sheet Metal for $1,000. Based upon the evidence presented and the law as we understand it, we find that Peter Mayhew is not generally paying his debts as they become due.

Accordingly, and based upon the foregoing findings and conclusions, the Order for Relief against Mayhew should enter, and his objection to the involuntary petition is OVERRULED.

Enter Judgment consistent with this order.

---

1. Other creditors are owed approximately $34,000.