Thomas P. RICCI

v.

Edward MARANDOLA et al.

No. 2001–262–APPEAL.

Supreme Court of Rhode Island.

June 13, 2002.

Alan P. Gelfuso, Cranston, for plaintiff.

Peter Lawson Kennedy, Jonathan Kalander, Providence, for defendant.

BEFORE: WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on May 14, 2002;[1] pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After considering the memoranda of the parties and the argument of counsel, we determine that cause has not been shown. Accordingly, we shall decide the appeal at this time.

### Facts and Travel

At the center of this controversy is a stock purchase agreement (the agreement), entered into on January 7, 2000, by the plaintiff, Thomas P. Ricci (Ricci), and the defendant, Edward Marandola (Marandola),[2] partners in various business entities including automobile businesses (dealerships). The agreement outlined the sale by Marandola to Ricci of the corporate stock for the dealerships and associated real estate, effectuating a corporate divorce.

In the event that the parties could not reach an accord, the agreement provided for a procedure to establish the fair market value of the stock. Each party would select an appraiser who was competent to appraise these businesses and the real estate on which the entities were located.

The agreement further provided that if an agreed-upon valuation could not be determined by the average of the two appraisals or, if the appraisals were more than 10 percent apart, then a third appraiser would be selected by the parties themselves or pursuant to a petition to the Presiding Justice of the Superior Court, seeking the appointment of a third appraiser. Having failed to reach an accord through the efforts of the appraisers selected by the parties, and failing to agree on the third appraiser, the parties turned to the Superior Court. A consent order subsequently was issued by a justice of the Superior Court that provided for the appointment of a third appraiser, David A. Duryee (Duryee). The consent order also reflected an agreement by the parties to conduct discovery and present evidence to Duryee. However, with the exception of depositions of the appraisers, the parties agreed to limit discovery to the "materials utilized, consulted or relied upon by the first two appraisers."

Thereafter, Duryee received a submission with instructions that tracked the language used in the agreement: "The third appraiser would not conduct his own appraisal, but would rely on the materials submitted to him by the parties and/or the first two appraisers." Duryee acknowledged the submission and stated in his acknowledgment that he understood "that we will not be making an independent appraisal," thus recognizing the limitation of the submission. To ensure that there

---

1. Oral argument originally was scheduled for May 8, 2002, but counsel for defendant represented that the case was not appropriately before the Supreme Court because final judgment had not been entered. Counsel for plaintiff represented that a judgment had, in fact, been entered and that a copy had been mailed to defendant's counsel. Supplemental memoranda filed by both parties produced a final judgment that had been entered on January 18, 2002, and included a certification that it had been mailed to all counsel of record, including defendant's counsel. This Court thereupon heard argument on May 14, 2002.

2. The defendant, Fleet National Bank has been assigned certain rights of Marandola under the stock purchase agreement, but did not participate in these proceedings.

would be no doubt about the scope of his authority, Marandola's counsel also dispatched a separate communication to Duryee that tracked the language in the agreement stating that "[t]he determination \*\*\* shall be made by the third automobile appraiser \*\*\* and shall be based on his review of the prior two (2) appraisals." Ricci and his counsel also acknowledged their assent to this limitation. The Duryee appraisal determined the value of the dealerships at approximately $3.7 million. Duryee's report was signed by himself and another individual, Diane T. Anderson (Anderson), who signed the award as office manager.

By agreement of the parties, a single appraiser, Peter Scotti (Scotti), was retained to appraise the real estate. Marandola maintains that the appointment of a single appraiser is a deviation from the agreement of such magnitude that the appraisal should be set aside. Scotti subsequently valued the real estate owned by the entities at $460,000.

Ricci apparently was satisfied with the appraisals and, seeking to effectuate the transfer of the stock, filed motions requesting the Superior Court to affirm the Scotti appraisal and the Duryee award. Marandola challenged both the Duryee valuation and the Scotti appraisal and filed motions to vacate both awards. The Superior Court hearing justice granted Ricci's motion and affirmed both awards and denied Marandola's request for relief.[3] Marandola is now before the Court on appeal from the judgment of the Superior Court.

### The Scotti Appraisal

On appeal, Marandola insists that the Scotti appraisal should have been nullified by the Superior Court and has argued that if the oral agreement to retain Scotti was made before the agreement was executed, it violates the parol evidence rule. Alternatively, Marandola maintains that if it is determined that the Scotti accord was reached by the parties subsequent to the execution of the agreement, then it amounts to a prohibited oral modification of the agreement and should be set aside. Additionally, Marandola argues that the Scotti appraisal failed to meet the conditions imposed by the agreement because of a variance between the date of the appraisal and the valuation date agreed upon by the parties. Specifically, Scotti based his opinion on a valuation date of April 14, 2000, the last date he inspected the property. Apparently, the parties agreed on a valuation date of December 31, 1999.

We note at the outset that the judgment reflects that Marandola abandoned the issues relating to the Scotti appraisal in Superior Court. Further, we are satisfied that Marandola failed to produce any evidence to support his allegations. However, we shall briefly discuss the merits of his challenge to the real estate appraisal.

■ "The parole-evidence rule permits the introduction of extrinsic evidence to change, vary, or alter the written terms of an agreement when it is offered to show a condition precedent to the existence of the contract." *Bissonnette v. Hanton City Realty Corp.*, 529 A.2d 139, 142 (R.I.1987) (citing *Lisi v. Marra*, 424 A.2d 1052, 1055 (R.I.1981)). Marandola has suggested that there was conflicting testimony about whether the agreement to retain Scotti was made before or after the agreement was executed. However, both Ricci and Marandola testified in Superior Court that the oral agreement appointing Scotti as

---

**3.** The hearing justice determined that Duryee was in essence called upon to referee the opinions of the two appraisers and thus characterized these proceedings as arbitration, governed by the provisions of G.L.1956 chapter 3 of title 10. Neither party has challenged this holding.

the appraiser of the real estate was made immediately *after* the execution of the agreement. We therefore conclude that a subsequent accord reached by the parties does not implicate the parol-evidence rule and is not an obstacle to enforcement of the agreement.

■ Marandola's argument that the Scotti appointment constituted a prohibited oral amendment to the agreement is also without merit. We are not satisfied that this oral modification constitutes a prohibited amendment to the original agreement because the appointment of the same appraiser does not constitute a deviation from the original agreement. The agreement provided for the appointment of a real estate appraiser by each party; but it did not expressly or implicitly prohibit the parties from appointing the *same* appraiser. Therefore, the subsequent oral understanding is consistent with the terms and meaning of the agreement, and Marandola's argument is denied and dismissed.

Finally, the variation between the date of the Scotti appraisal and. the valuation date agreed upon by the parties is of no consequence and does not amount to a significant flaw in Scotti's appraisal. The difference between the December 31, 1999 valuation date agreed to by the parties and the April 14, 2000 date of the Scotti appraisal is *de minimis.* In any event, Marandola failed to show any prejudice from the variance in the valuation dates.

### The Duryee Appraisal

■ The defendant maintains that the hearing justice should have vacated Duryee's award because, he alleges, Duryee exceeded the scope of his authority by utilizing extraneous material in violation of the submission of the parties. Additionally, Marandola argues that Duryee did not perform an independent appraisal because he worked with Anderson, in violation of the agreement.

Marandola argued to the Superior Court hearing justice that by utilizing data and materials extraneous from the work of the first two appraisers Duryee impermissibly performed his own independent appraisal, and further, by allowing a manager in his office to assist him in reaching an award, Duryee violated the terms of the submission of the parties. The trial justice found that Marandola failed to prove these allegations, that he failed to establish that Duryee exceeded his authority by utilizing materials beyond those anticipated by the agreement and, further, the hearing justice found that including Anderson's signature on the appraisal was without any legal significance. We agree with these conclusions.

■ Pursuant to G.L.1956 § 10–3–12, an arbitration award may be set aside in limited circumstances, including cases in which the arbitrator, as alleged herein, has exceeded his powers by manifestly disregarding contractual provisions agreed upon by the parties. *State Department of Children, Youth and Families v. Rhode Island Council 94, American Federation of State, County, and Municipal Employees, AFL–CIO,* 713 A.2d 1250, 1253–54 (R.I.1998). To successfully challenge an arbitration award, the claimant has the burden of demonstrating that the arbitrator has exceeded his powers sufficient to warrant setting aside the award. Marandola maintains that Duryee was restricted to the materials submitted by the parties in formulating his opinion and was not permitted to embark upon his own appraisal. This argument fails to recognize, however, that the consent order entered in the Superior Court permitted each party to conduct discovery and to submit further information to the arbitrator. Further, the record discloses that the arbitrator was directed to review the deposition testimony of the previous appraisers as an

appropriate check upon the accuracy and credibility of the information upon which they relied. Thus, we are not persuaded that Marandola has sustained his burden of establishing that the arbitrator exceeded his powers. Duryee's mission was to render an opinion about the fair market value of the dealerships based upon the materials submitted by the parties. Although Marandola may not agree with that opinion, he is nonetheless bound by it.

The defendant's last argument is that the arbitration award must be set aside because Anderson signed the award as Duryee's office manager. The hearing justice determined that this signature was without legal significance. We agree with this conclusion and note that Marandola failed to produce any evidence tending to prove that Anderson acted in any capacity other than as a witness to the execution of the document. Therefore, Marandola has failed in his burden of proof on this issue.

Accordingly, for the reasons stated herein, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in this case may be remanded to the Superior Court.