Jane LANDERS

v.

Peter MAYHEW.

No. 94–611–A.

Supreme Court of Rhode Island.

Oct. 26, 1995.

Michael McElroy, Providence.

Geoffrey Regan, Providence.

ORDER

This case came before a hearing panel of the Supreme Court for oral argument on October 17, 1995, pursuant to an order that directed the defendant, Peter Mayhew, to show cause why this appeal should not be summarily denied and dismissed. The defendant has appealed from a Superior Court judgment that granted the motion of Jane Landers (plaintiff) to confirm an arbitration award pursuant to G.L. 1956 (1985 Reenactment) § 10–3–11 and that denied defendant's motion to vacate, modify or correct that award.

After considering the arguments of counsel at oral argument and after reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown, and the case will be decided at this time.

The plaintiff had entered into a contract with defendant to construct a home on a lot that she owned in the town of Barrington, Rhode Island for the contract price of $197,-400. During construction, numerous disputes arose between the parties, and plaintiff terminated the contract. In accordance with the terms of the contract, plaintiff filed for arbitration and after three days of hearings an arbitrator rendered an award of $208,850 that included $81,360 for contract completion and remedial construction, and $100,000 for 26 major design or construction defects.

The defendant contended that the arbitrator's award was irrational because it exceeded the contract price, because the home was near completion, and because the arbitrator

exceeded his powers by awarding monies for "loss of rents, legal and architectural fees" in the amount of $27,500. No stenographic record or transcript of the hearings is available.

It is well-settled that this court's authority to review or to vacate an arbitrator's award is limited. *R.I. Council 94 v. State,* 456 A.2d 771 (R.I.1983), G.L. 1956 (1985 Reenactment) § 10–3–12. Unless an arbitrator's award is completely irrational, this court will not review such an award. *Belanger v. Matteson,* 115 R.I. 332, 346 A.2d 124 (1975). In the case before us, the trial justice noted that the contract permitted the arbitrator to assess expenses against any party. The plaintiff cited major defects such as installing a fireplace flue upside down and lower than required by the state building code and installing improperly placed and unsafe trusses in the master bedroom. On the basis of the information gleaned from the record in the absence of a transcript, we cannot conclude that the arbitrator's award produced an irrational result.

Therefore, we deny and dismiss the defendant's appeal. We sustain the judgment that affirmed the arbitrator's award and denied the defendant's motion to vacate, modify or correct the award, and we return to the Superior Court the papers in this case.

MURRAY and SHEA (Ret.), JJ., did not participate.