861 A.2d 455 (2004)
STATE of Rhode Island
v.
RHODE ISLAND ALLIANCE OF SOCIAL SERVICE EMPLOYEES, LOCAL 580.
No. 2003-600-Appeal.
Supreme Court of Rhode Island.
December 1, 2004.
*456 Jacqueline Kelley, Providence, for Plaintiff.
Christopher M. Orton, Warwick, for Defendant.
Present: WILLIAMS, C.J., GOLDBERG, SUTTELL, and ROBINSON, JJ.

OPINION
PER CURIAM.
Does an employer's contractual responsibility to ensure the health and safety of its employees extend to the employees' personal property? In this case now before us on appeal from the Superior Court an arbitrator found, pursuant to a collective bargaining agreement, that the State of Rhode Island (state) was required to pay for damages not covered by insurance when an employee's car was stolen from a workplace parking lot. The Superior Court affirmed the arbitrator's award granting the grievant, who was represented by the defendant, the Rhode Island Alliance of Social Service Employees, Local 580 (defendant union), $321.36.
This case came before the Supreme Court for oral argument on September 29, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time.

I

Facts and Travel
The facts in this case are undisputed. In September 2001, Lillian D'Aiello (D'Aiello) worked for the Department of Health and Human Services (department) and was a member of defendant labor union. The department's office was located at 206 Elmwood Avenue in Providence, Rhode Island. On the morning of September 24, 2001, D'Aiello parked her car in the parking lot adjacent to the office building. In the months before September, several cars in that lot had been vandalized or stolen. One such incident occurred in October 2000, when a vehicle owned by a member of another labor union was stolen from the same parking lot. As a result of the incident in October 2000, the state *457 entered into an arbitrated agreement (October 2000 agreement) with the other union in which it agreed to take certain measures to enhance security in the parking lot.
Notwithstanding the state's effort to improve security, however, when D'Aiello returned to her parking spot at lunchtime on September 24, she found that her car had been stolen. The car was found hours later, but the insurance company determined that it was a total loss because of extensive damage. Although D'Aiello's insurance company paid for the damage to her property and a significant portion of the rental expenses, she was left to pay a deductible and a part of the towing expenses. In addition, D'Aiello paid a locksmith to change the locks at her home because she had left her house keys in the car. In total, D'Aiello's out-of-pocket expenses were $393.94. The defendant filed a grievance on D'Aiello's behalf, alleging that the theft was a result of plaintiff's negligent failure to keep the parking lot safe. The parties were not able to resolve the dispute and proceeded to arbitration.
The arbitrator considered the issue as follows: "Is the grievance substantively arbitrable? If so, did the State violate the Collective Bargaining Agreement, including Article 17 resulting in and [sic] environment which led to the theft of [D'Aiello's] car and damage to her personal property at 206 Elmwood Avenue, Providence, RI on September 24, 2001? If so, what shall be the remedy?" The arbitrator found that the issue was arbitrable and, relying on article 17 of the collective bargaining agreement (CBA), the arbitrator determined that the state failed to "take prompt and appropriate action to correct any unsafe conditions or actions which [were] reported to it." The arbitrator awarded defendant the $321.36, deducting the amount paid to the locksmith because, he reasoned, D'Aiello should not have left her house keys in the car.
The state petitioned the Superior Court to vacate the arbitration award, but the award was affirmed. For the reasons stated below, we must affirm the judgment of the Superior Court.

II

Discussion
It is well settled that "the role of the judiciary in the arbitration process is `extremely limited.'" Aponik v. Lauricella, 844 A.2d 698, 703 (R.I.2004) (per curiam) (quoting Purvis Systems, Inc. v. American Systems Corp., 788 A.2d 1112, 1114 (R.I.2002)). However, the court must vacate an arbitration award when "the arbitrator * * * exceeded [his] powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made." G.L.1956 § 28-9-18(a)(2). "An arbitrator exceeds his or her powers under § 28-9-18(a)(2) * * * if the award fails to `draw its essence' from the agreement, if it was not based upon a `passibly [sic] plausible' interpretation thereof, if it manifestly disregarded a contractual provision, or if it reached an irrational result." Woonsocket Teachers' Guild, Local 951, AFT v. Woonsocket School Committee, 770 A.2d 834, 837 (R.I.2001) (per curiam) (quoting State Department of Children, Youth and Families v. Rhode Island Council 94, 713 A.2d 1250, 1253 (R.I.1998)).
The arbitrator relied on the following provisions of article 17 of the CBA, entitled "Health and Welfare," in reaching his decision.[1]

*458 "17.8 The State will make every reasonable effort to provide and maintain safe working conditions relating to the safety and health of employees.
"17.9 The State will take prompt appropriate action to correct any unsafe conditions or actions which are reported to it.
"17.10 The respective Departmental Director shall designate a safety representative for each office who will be responsible for reporting any hazardous or unsafe conditions observed by him or reported to him to the Department Director for appropriate corrective action."
The arbitrator found that "[u]nsafe conditions in the parking lot include criminal activity such as motor vehicle theft or parts thereof and property damage to the motor vehicle and/or its contents." He found that the state had been notified of the unsafe conditions in the parking lot and that it expressly agreed to take certain measures in the October 2000 agreement with another labor union to increase safety in that parking lot. According to the arbitrator, the state corrected some of the problems but failed to address others. In conclusion, the arbitrator found that "[t]he state's lax security measures, which were non-compliant with the terms of Section [17.9] [[2]] led to the theft of [D'Aiello's] motor vehicle."
The language found in article 17 is very broad. Pursuant to the CBA, the state is required to "make every reasonable effort" to keep working conditions safe. As soon as an "unsafe condition" is reported, the state must take "prompt and appropriate action" to correct that condition. The arbitrator implicitly reasoned that protection of an employee's motor vehicle is tied in with protecting the health and safety of the employee. We conclude that this is a passably plausible interpretation of the broad language in the CBA and that it does not reach an irrational result. Woonsocket Teachers' Guild, 770 A.2d at 837.
Although this Court might well have interpreted article 17 differently, we are bound by appellate review to give great deference to the arbitrator's award. Because there is no evidence that the arbitrator exceeded his powers or that the award failed to "draw its essence" from the collective bargaining agreement, we must uphold the award. Therefore, the decision of the hearing justice is affirmed and the arbitrator's award shall enter.

Conclusion
For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.
Justice FLAHERTY did not participate.
NOTES
[1] We note that there is a discrepancy in the numbering of the article 17 sections. According to the CBA in the Court's record, § 17.9 addresses the state's responsibility to correct unsafe conditions that have been reported to it, the provision the arbitrator found the state to be in violation of; however, the arbitrator refers to that section as § 17.11. This Court will follow the numbering used in the CBA on record.
[2] The arbitrator refers to the section as § 17.11.