DECISION
This matter came on before the Court on Defendant's Motion to Strike an Arbitrator's Award.
On May 17, 2004, the parties agreed that the Court may select a certified public accountant to arbitrate the case, arrive at an arbitration award, and that award would carry into a final judgment. (See transcript of May 17, 2004 proceeding, page 22).
On May 16, 2004, the Court entered an Order confirming this arrangement for an appointment for a binding arbitration.
On June 25, 2004, the Court appointed an accountant to serve as an arbitrator.
Arbitration proceedings were held and an arbitration award was entered in favor of the Plaintiff which states in part "The following award is made: judgment for Plaintiff Dennis T. Noreiko against Defendant Island Manor Resort, et al., in the sum of $34, 806.18."
Very few findings of fact were made by the arbitrator; in fact the entire arbitration award is less than one page. The attorney for the defense argues that his clients were not allowed to present any evidence and that the entire proceeding was done through an informal introductory meeting. Our high court recently discussed the role of the courts in reviewing arbitration awards:
 As we consistently have acknowledged, "the role of the judiciary in the arbitration process is `extremely limited.'" Purvis Systems, Inc. v. American Systems Corp., 788 A.2d 1112, 1114 (R.I. 2002) (quoting Romano v. Allstate Insurance Co., 458 A.2d 339, 341 (R.I. 1983)). Accordingly, arbitration awards enjoy a strong presumption of validity given the "strong public policy in favor of the finality of arbitration awards." Prudential Property and Casualty Insurance co. v. Flynn, 687 A.2d 440, 441 (R.I. 1996); Purvis Systems, Inc., 788 A.2d at 1118. Under § 10-3-12, the court will vacate an arbitration award:
 "(1) Where the award was procured by corruption, fraud or undue means.
 "(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.
 "(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
 "(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 An award also will be vacated when it is based upon a manifest disregard of the law. Pier House Inn, Inc. v. 421 Corp., 812 A.2d 799, 802 (R.I. 2002). It is this last standard on which plaintiff relies. To rise to the level of a manifest disregard of the law, the arbitrator's decision must evince" `something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law.'" Carlsten v. Oscar Gruss Son, Inc., 853 A.2d 1191, 1195 (R.I. 2004) (quoting Purvis Systems, Inc., 788 A.2d at 1115). "To successfully challenge an arbitration award, the claimant has the burden of demonstrating that the arbitrator has exceeded his powers sufficient to warrant setting aside the award." Ricci v. Marandola, 800 A.2d 401, 404 (R.I. 2002). In the absence of an express agreement or a requirement by statute, an arbitrator is not required to set forth any findings of fact and conclusions of law supporting an award. Westminster Construction Corp. v. PPG Industries, Inc., 119 R.I. 205, 208-10, 376 A.2d 708, 710 (1977).
 Pierce v. Rhode Island Hospital., 875 A.2d 424, 426-7 (R.I. 2005)
The reluctance of the courts to review arbitration awards was restated by the Rhode Island Supreme Court just two months ago inGelfuso and Lachut, Inc. v. Mary's Italian Restaurant, Inc.,896 A.2d 722 (R.I., 2006)
In this case, defendants have not alleged corruption, fraud, undue means, partiality, refusal to postpone, the hearing of inappropriate evidence, refusal to hear relevant evidence, use of excessive powers or manifest disregard of the law. Instead, the Defendants question the procedure employed by the arbitrator during a non-recorded session. This case involved a great deal of statistical information and hence, a CPA was agreed upon to calculate the amount due and to determine whether the individual amounts claimed were the responsibility of the opposing parties. Although the procedure employed by the arbitrator may have been more informal than what an attorney may have employed, this Court does not have grounds to void the award.
Although the defendants argued that the arbitrator failed to hear pertinent and material evidence, they have not explained what happened at the meeting nor how they established the means which the Defendants used to produce evidence for the arbitrator.
Accordingly, Defendant's Motion to Strike the Arbitrator's Award is denied and the arbitration award is confirmed. Judgment shall enter for the plaintiff.