DECISION
Before the Court are two motions for reconsideration of previously considered motions: Plaintiff's Renewed Motion to Assign Interest and Defendants' Motion to Reconsider its Motion to Strike the Arbitrator's Award.
For the reasons discussed below, the Court grants Defendant's Motion to Vacate the Arbitrator's Award and assigns this case to the continuous trial calendar.
 Facts and Travel
Mr. Noreiko claims that he was hired by the Defendants to oversee contractors and subcontractors who worked at the renovation project for a time-share on Block Island. In addition, he selected certain furniture for the project, and coordinated all aspects of the reconstruction. He claims that he is owed monies for the work performed and bills and purchases which he made on behalf of the time-share entity.
The travel of this case is more challenging. Mr. Noreiko filed suit, pro se, in March of 2002, seeking recovery from the Defendants for book account and monies due. *Page 2 
Discovery proceeded aggressively with each of the parties exchanging documents, propounding interrogatories, and scheduling depositions. The case came before the Washington County Motion Calendar on various motions to compel and dismiss. In the spring of 2004, various motions were heard before the Court. The parties had previously agreed to arbitration, but had not finalized their arrangements or reduced their agreement to a writing. The Court suggested binding arbitration as a means to resolve what appeared to be an accounting dispute. Mr. Noreiko, still proceeding pro se, and apparently distrusting legal professionals, agreed on the proviso that the arbitrator be an accountant, rather than an attorney.[1] Defense counsel and the Court eventually agreed, and the Court selected an arbitrator. Arbitration was allowed pursuant to a court order, drafted by the Defendants' attorney, which read in part as follows:
 ORDER This matter having come before the court . . . and the parties having agreed to submit this matter to binding arbitration, it is hereby
 ORDERED . . . By agreement of the parties, the Court will select a Rhode Island Certified Public Accountant to arbitrate this dispute according to a procedure established by the arbitrator. Following the arbitration, the arbitrator shall present to the Court a Report and Recommendation. The parties shall equally bear the cost of the arbitrator's fees and expenses . . . *Page 3 
The Court selected an accountant-arbitrator. At the first meeting of the parties with the arbitrator, Mr. Noreiko appeared, now accompanied by Rhode Island counsel. No witnesses were called, but the parties discussed the case briefly. Defense counsel submitted a letter (Ex. 2) fully expecting a formal hearing. The arbitrator-accountant initiated a review of documents submitted by the parties, then indicated that he would obtain independent source documents from prior accountants for the time-share complex. After obtaining the documents, the arbitrator-accountant followed his own procedure and issued a decision without providing the parties with an opportunity to present witness testimony or other evidence. The arbitrator-accountant also initiated several discussions with the prior time-share manager, outside of the presence of the attorneys.
The arbitrator-accountant submitted an arbitration award on February 27, 2006. The award gave judgment to the plaintiff for $34,806.18 for work done. Defendant filed a motion to vacate the arbitration. In a Decision issued in June of 2006, the Court denied the motion and confirmed the arbitration.
In the interim, the arbitrator had sent his bill to the parties. Defendants now armed with proof (via the bill) that the arbitrator held no hearing and decided the dispute on telephone calls he initiated and documents he garnered, moved the Court to reconsider the dismissal of the arbitration.
 Analysis
First and foremost, the arbitrator was not at fault. The arbitrator is a trained, reputable, Certified Public Accountant. He is not an attorney, and all parties recognize this upfront. He was brought into the case because the parties expressly desired an accountant, rather than an attorney, to preside. *Page 4 
An arbitration, while not as formal as a court trial, has certain minimum requirements. It appears that neither attorney referenced these directives to the arbitrator. At the court hearing on the motion, defense counsel acknowledged "I should have probably been more diligent in giving him direction, but I assumed . . ." (Tr. of May 17, 2007 p. 34). The arbitrator-accountant attempted to proceed in good faith, meeting initially with the parties, reviewing their written submissions, and contacting third parties. He appears to have proceeded as if he had been serving as a master or commissioner for the Court. As an arbitrator he had other duties, which he may not have known. R.I.G.L. Ch. 10-3 clearly allows for arbitrators to be appointed by the Court. (G.L.10-3-6) and for arbitrators to hear cases via the subpoenas of witnesses and documents. (G.L. 10-3-8). This Court has previously cited decisions of the high court in re-affirming the long-recognized presumption of the validity of an arbitrator's award.
 As we have consistently acknowledged, "the role of the judiciary in the arbitration process is `extremely limited.'" Purvis Systems, v. American Systems Corp., 788 A.2d 1112, 1114 (R.I. 2002). (Quoting Romano v. All State Insurance Co., 458 A.2d 339, 341 (R.I. 1983)). Accordingly, arbitration awards enjoy a strong presumption of validity given the "strong public policy in favor of the finality of arbitration awards." Prudential Property and Casualty Insurance Co. v. Flynn, 687 A.2d 440, 441 (R.I. 1996); Purvis Systems, Inc., 788 A.2d at 1118. Pierce v. Rhode Island Hospital, 875 A.2d 424, 426 (R.I. 2005).
Pierce at 426-427 indicates that an arbitrator's award can only be vacated for the reasons set forth in G.L. § 10-3-12.1, or for a manifest disregard of the law. G.L. § 10-3-12 states
 In the event of any of the following cases the court must make an order vacating the award upon the application of any party to the arbitration: (1) . . . *Page 5 
 (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or for any other misbehavior by which the rights of any party have been substantially prejudiced.
 * * * (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
Again, the arbitrator was not an attorney and was not familiar with what the procedure should have been.[2] However, the parties were statutorily entitled to a formal hearing wherein witnesses could be subpoenaed; this was not done. The question is not one of fraud or corruption, and neither of the parties allege in any way that the arbitrator acted with fraud or corruption. Rather, the arbitrator did not recognize the proper procedure and attempted to resolve the dispute expeditiously on his own. This is not the procedure allowed by the statute.
Moreover, the language of the Order stated above does not clearly indicate that the arbitrator's award is final. While the preface of the June 25, 2004 Order references "binding arbitration," it states in its text
 Following the arbitration, the arbitrator shall present to the Court a Report and Recommendation. . .Pending submission to the Court of the Report and Recommendation as set forth above, further proceedings in this case are STAYED. *Page 6 
It could be inferred from this order that further court proceedings were necessary.
While at the outset, the parties appeared to be cooperative, the tenor of the dispute has changed significantly. The controversy now seems ill-fitted for arbitration. Arbitration is designed "to provide a relatively quick, efficient and informal means of private dispute resolution." Carlsten v. Oscar Guess Son, Inc., 853 A.2d 1191, 1194
(R.I. 2004). Other appellate courts are in agreement that the purpose of arbitration is to avoid the expense and delay of extended court proceedings." Admart AG v. Stephen Mary Birch Foundation, Inc., 2006 U.S. App. Lexis 24460 (C.A. 3, 2006).
Pressing this matter toward arbitration, once an attempted arbitration failed, is counterintuitive. "[T]o permit litigants to . . . arbitrate . . . after they have deliberately chosen to participate in costly and extended litigation would defeat the purpose of arbitration: that disputes be resolved with dispatch and a minimum of expense."Kramer v. Hammon, 943 F.2d 176 (C.A. 2, 1991). The Court is not convinced that the parties desire to attempt arbitration once again or that anything short of a trial would be fruitful.
 Conclusion
For the reasons stated, this Court takes the rare but necessary step of vacating the arbitrator's award and this matter is assigned to the trial calendar forthwith.
[1] Prior to the Order, the parties had agreed to binding arbitration with an accountant serving as an arbitrator, but they could not agree on which accountant would serve. Mr. Noreiko, still proceeding pro see, eventually agreed to arbitration if the Court selected the arbitrator-accountant.
[2] Courts view arbitration awards deferentially, within restrictions. "Arbitration proceedings are not constrained by formal rules of procedure or evidence." Robbins v. Day, 954 F.2d 679, 685 (11th Cir.1992). "An arbitrator enjoys wide latitude in conducting an arbitration hearing. Arbitration proceedings are not constrained by formal rules of procedure or evidence; the arbitrator's role is to resolve disputes, based on his consideration of all relevant evidence, once the parties to the dispute have had a full opportunity to present their cases. See generally F. Elkouri E. Elkouri, How Arbitration Works 254-56 (3d ed. 1973). Hoteles Condado Beach, La Concha Convention Center v. Union de Tronquistas Local 901, 763 F.2d 34, 38
(C.A. 1, 1985). *Page 1