DECISION
Before the Court is the Providence Teachers Union's ("Union") petition to vacate an arbitration award. On September 8, 2010, the arbitrator issued an award in favor of the Providence School Board ("School Board"). The Union moves to vacate the award, and the School Board objects, simultaneously filing its cross-motion to confirm. Jurisdiction in the instant matter is pursuant to G.L. 1956 § 28-9-14. *Page 2 
 I FACTS AND TRAVEL
The Union is the exclusive bargaining representative of teachers employed by the School Board. The School Board and the Union were parties to a collective bargaining agreement ("CBA") which was valid from September 1, 2004 to August 31, 2007. (Pet'r's Ex. B.) The terms and provisions of the CBA were extended by a joint proposal dated June 22, 2009, which extended the CBA from September 1, 2007 through August 31, 2010. (Pet'r's Ex. C.)
The present dispute concerns the retirement of Dennis E. Votto, who had been employed by the Providence School Department for approximately thirty-six (36) years. (American Arbitration Association Award Case No. 11 390 02576 09 ("Arbitration Dec." at 2.)) In the summer of 2009, Mr. Votto tendered his request to retire from his positions as a science teacher and the science department director at Mt. Pleasant High School to the School Board.Id. In addition to his teaching responsibilities, Mr. Votto served as the Athletic Director — a position he had held since 2004 — and as the Girl's Softball Coach for Mt. Pleasant High School. Id. Neither the Athletic Director position nor the Softball Coach position required Mr. Votto to possess a teaching certificate. Id. Although the School Board accepted Mr. Votto's request to retire from teaching, Mr. Votto continued to hold his Athletic Director and Softball Coach positions following his retirement. Id.
On October 14, 2009, the Union filed a grievance on behalf of bargaining unit employees, which ultimately culminated in arbitration. (Pet'r's Ex. D at 3.) The grievance was premised upon the notion that the School Board violated the CBA by failing to recognize and post the Athletic Director as a "vacant" position. Additionally, the Union asserted that because Mr. Votto retired from his teaching position, he was no longer a member of the Union's *Page 3 
bargaining unit. Id. Therefore, the Union asserted that the School Board also breached the CBA by enabling a non-bargaining unit member to hold a bargaining unit position. Id.
At arbitration, the parties asked the arbitrator to determine whether or not the School Board violated Article 11 of CBA when it failed to post the Mt. Pleasant High School Athletic Director's position for the 2009-10 school year. (Arbitration Dec. at 1.) Article 11 of the CBA states in relevant part,
 ARTICLE 11 POSTED POSITIONS 11-1 When a vacancy occurs for which additional compensation is provided or when a new position is created for which additional compensation is provided or when a school based management position is created or is vacant, the Superintendent or his/her designee shall provide appropriate postings on the same day in every school building/work site. Posted positions include, but are not limited to: coaching positions, before/after school positions, evening school, summer school, federally funded programs, substitute teaching by regular teachers, school based management positions, extra-curricular positions, etc. (emphasis added).
 * * * *
The School Board argued that it did not violate the CBA because the Athletic Director position was not vacant or a newly-created position within the meaning of Article 11-1. (Arbitration Dec. at 3.) In response, the Union argued that Article 11-1 applied because Mr. Votto's retirement automatically created an Athletic Director vacancy.Id. at 4.
Following a hearing held on July 15, 2010, the arbitrator issued a written decision on September 8, 2010. The arbitrator accepted the School Board's position, concluding that the School Board did not violate the CBA when it failed to post the position of Athletic Director at Mt. Pleasant High because the CBA required the School Board to post a position only when a position becomes vacant. Id. at 6. In coming to this conclusion, the arbitrator relied on Mr. *Page 4 
Votto's retirement request, which indicated his desire to resign from his science teacher duties and his intent to continue serving as Athletic Director. Id. The arbitrator believed that there was no evidence "of any hiatus in the performance of" Mr. Votto's Athletic Director duties. Id. Ultimately, the arbitrator found that Article 11-1 of the CBA was not violated because Mr. Votto's retirement did not create a vacancy that brought that provision of the parties' agreement into play.Id. at 8. Therefore, the arbitrator denied the Union's October 2009 grievance. Id.
Following the issuance of the Award, the Union filed the instant petition to vacate pursuant to G.L. § 28-9-18(a)(2). First, the Union avers that the arbitrator's award does not draw its essence from the CBA. The Union relies on Appendix B of the CBA which governs the terms, conditions, and compensation rates for Athletic Directors, Coaches, Band Directors, and other positions. The Union argues that the parties to the CBA agreed that each of the positions enumerated under Appendix B would be staffed only by a certified member of the bargaining unit. Second, the Union asserts that Mr. Votto's voluntary retirement severed his employment relationship with the City of Providence and the School Board. Consequently, the Union believes that Mr. Votto's contractual eligibility to serve as the Athletic Director ended upon his retirement. Third, the Union claims that the arbitrator's award does not effectuate the intention of the parties. Specifically, the Union alleges that because the arbitrator acknowledged that the terms of the CBA did not address the specific issues of this case, his award created a right to continued employment for retired teachers that did not exist under the provisions of the CBA. Lastly, the Union contends that the arbitrator incorrectly relied onMerolla v. City of Providence, No. Civ. A. PC/03-5440, 2004 WL 2075573, at *4 (R.I. Super. Ct. Aug. 11, 2007), Rubine, J., wherein the Rhode Island Superior Court examined the meaning of the term vacancy in the *Page 5 
context of § 16-16-24.[1] In his discussion of Merolla, the arbitrator noted that Justice Rubine held that a teacher/coach's retirement from teaching did not create a vacancy in his coaching position, and that, therefore, he could continue to coach without running afoul of § 16-16-24.[2]
In response, the School Board contends that the plain language of the CBA did not require Mr. Votto to relinquish his Athletic Director post upon his retirement from teaching *Page 6 
duties. Consequently, the School Board believes that the arbitrator's conclusion that Mr. Votto's resignation from his teaching duties failed to create a "vacancy" was a rational and passably plausible interpretation of the CBA.
 II STANDARD OF REVIEW
Courts are required to review "arbitral awards under an exceptionally deferential standard[.]" N. ProvidenceSch. Comm. v. N. Providence Fed'n of Teachers, Local 920, Am. Fed'nof Teachers, 945 A.2d 339, 347 (R.I. 2008). Rhode Island General Laws § 28-9-18(a) specifies the limited grounds upon which a labor arbitration award may be vacated:
 (1) When the award was procured by fraud.
 (2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.
 (3) If there was no valid submission or contract, and the objection has been raised under the conditions set forth in § 28-9-13.
Only one of those three circumstances is at issue in the instant appeal: under § 28-9-18(a)(2), the court must vacate an award "[w]here the arbitrator or arbitrators exceeded their powers."State Dep't of Corr. v. Rhode Island Bhd. of Corr.Officers, 867 A.2d 823, 828 (R.I. 2005). An arbitrator exceeds his powers "by resolving a non-arbitrable dispute or if the award fails to `draw its essence' from the agreement, if it was not based upon a `passably plausible' interpretation thereof, if it manifestly disregarded a contractual provision, or if it reached an irrational result." Woonsocket Teachers' Guild, Local 951, AFT v. WoonsocketSch. Comm. 770 A.2d 834, 837 (R.I. 2001) (quoting State Dep'tof Children, Youth and Families v. Rhode Island Council 94,713 A.2d 1250, 1253 (R.I. 1998)). *Page 7 
An arbitrator also exceeds his or her authority if he or she "ignores clear-cut contractual language or assigns to that language a meaning that is other than that which is plainly expressed[.]"State v. Rhode Island Employment Sec. Alliance, Local 401, SEIU,AFL-CIO, 840 A.2d 1093, 1096 (R.I. 2003). This Court notes that "the statutory authority to vacate an arbitration award where the arbitrator[] exceeded [his or her] powers does not authorize a judicial re-examination of the relevant contractual provisions."State Dep't of Mental Health, Retardation, Hosps. v. RhodeIsland Council 94, A.F.S.C.M.E., AFL-CIO,692 A.2d 318, 323 n. 11 (R.I. 1997) (internal quotations omitted). Lastly, when a party claims that an arbitrator has exceeded his or her authority, the claimant bears the burden of proving this contention, and every reasonable presumption in favor of the award will be made. Coventry Teachers' Alliance v. CoventrySch. Comm., 417 A.2d 886, 888 (R.I. 1980).
 III ANALYSIS
At the outset, this Court is well aware of the limited scope of judicial review. "The limited scope of judicial review of arbitration awards by the Superior Court is essential to ensure that parties may benefit from arbitration as an informal, expedient alternative to litigation in the court system." Purvis Sys.,Inc. v. Am. Sys. Corp., 788 A.2d 1112, 1118 (R.I. 2002).
In the instant case, the thrust of the Union's argument is that Mr. Votto's retirement from teaching automatically severed his relationship with the School Board, meaning his entitlement to serve as Athletic Director was terminated when he voluntarily retired. In addressing this argument, the arbitrator found that the evidence did not support the Union's position. First, the arbitrator referenced Mr. Votto's resignation, which indicated his intent to resign from his position as a science teacher, but continue serving as the Athletic Director and Girl's Softball *Page 8 
Coach. (Arbitration Dec. at 6.) The arbitrator also relied upon the formal School Board agenda for consideration of Mr. Votto's retirement request, which referred only to "Mt. Pleasant/Science/Dept. Head." Id. The arbitrator found that the only evidence in the record which suggested that Mr. Votto's voluntary retirement included his retirement from the Athletic Director position was Union's Exhibit 2, which indicated that Mr. Votto was "hired" to serve as the Athletic Director. Id. at 7. However, in that same letter Mr. Votto requested that he retain his Athletic Director position — a position Mr. Votto held continuously prior to his retirement and thereafter.Id. Ultimately, the arbitrator's determination that Article 11-1 of the CBA was not violated was based on his finding that no vacancy was created in the Athletic Director position by reason of Mr. Votto's resignation as a teacher, thus there was no position to post.
The Union argues that the arbitrator incorrectly relied onMerolla because in Merolla, the employee was a coach, not an Athletic Director, and the terms of the CBA in that case specifically permitted a coach to retain his position post-retirement. "It is well settled that an arbitrator may make rulings concerning the applicable law and . . . interpret the law according to the facts before him or her." Vose v. RhodeIsland Bhd. of Corr. Officers, 587 A.2d 913, 914 (R.I. 1991). Furthermore, "an arbitrator is called upon not only to make findings of fact but also to apply the law to the facts." Id. Here, this Court finds that the arbitrator's reliance on Merolla did not lead to an irrational or palpably faulty result. Instead, the arbitrator considered Merolla because in his view, that case shed "considerable light on the central issue in this case — whether there was a `vacancy' to be filled." (Arbitration Dec. at 7.) This Court agrees with the arbitrator's conclusion. In any case, it is well settled that "an arbitrator's award will be upheld even if he or she makes a mistake or error in interpreting the law." Pier House Inn, Inc. v. 421 Corp. Inc.,812 A.2d 799, 803 (R.I. 2002). *Page 9 
Ultimately, this Court finds that the award draws its essence from the CBA and was a passably plausible interpretation of the agreement of the parties. Consequently, this Court determines that the "arbitrator has resolved [the] grievance by considering the proper sources. . . ." State v. Nat'l Ass'n of Gov't Employees LocalNo. 79, 544 A.2d 117, 119 (R.I. 1988).
 IV CONCLUSION
Based on the foregoing reasons, this Court concludes that the Union has failed to demonstrate that the arbitrator exceeded his authority. See Coventry Teachers,417 A.2d at 888 (holding the party who claims that an arbitrator has exceeded his authority bears the burden of proving this contention, and every reasonable presumption in favor of the award will be made). Therefore, the Court denies the Union's petition to vacate and confirms the arbitration award pursuant to § 28-9-17. Counsel for the School Board shall prepare an appropriate judgment for entry.
[1] Section 16-16-24 limits the number of days a retired teacher may work and still receive retirement benefits.
[2] During his oral argument before this Court, counsel for the Union raised an additional argument in support of the Union's petition to vacate. Specifically, he questioned whether Mr. Votto could be actively employed as Athletic Director while collecting a pension from the state retirement system. Counsel supplemented this argument with a copy of a May 26, 2011 letter written by Frank K. Karpinski, the Executive Director for the Employees' Retirement System of Rhode Island, which analyzed § 16-16-24 — the same statute at issue inMerolla.
In deciding whether the arbitrator exceeded his authority, this Court need only examine the submission of the issue to be resolved by the arbitrator and the nature of the award. Coventry Teachers'Alliance v. Coventry Sch. Comm., 417 A.2d 886, 888 (R.I. 1980). In the instant case, the arbitrator began his analysis of the issue by stating
 I will start with the stipulated issue in this case. It confines my authority to considering only whether the contract was violated by the Employer's failure to post the athletic director position. Since it does not ask or require me to address . . . whether the Board has violated state retirement law, I will not attempt to resolve [that] issue[] in this decision. (Arbitration Dec. at 6) (emphasis added).
Additionally, the arbitrator posited
 to the extent that the Union's arguments amount to a claim that Mr. Votto was abusing the state retirement system, they are beside the point and, in any event, excluded from my consideration by the stipulated issue and the Union's concession in its final argument that it was not claiming a violation of state retirement law. (Arbitration Dec. at 8.)
Following the rationale articulated in Coventry Teachers, this Court's review of the arbitrator's decision is limited specifically to the examination of the submission of the issue to be resolved by the arbitrator (i.e., whether the Athletic Director position became vacant following Mr. Votto's retirement). Consequently, this Court will neither examine nor decide an issue that was not submitted for consideration by the arbitrator.

 *Page 1