DECISION
The matter is before the Court on the Johnston School Committee's ("School Committee") Motion to Vacate Arbitration Award and Motion to Stay the Implementation of the Arbitration Award and Johnston Federation of Teachers, Local 1702's ("Union") Cross-Motion to Confirm the Arbitration Award. Jurisdiction is pursuant to Rhode Island General Laws 1956 §§ 10-3-11, 10-3-14, and 28-9-14.
 FACTS AND TRAVEL
The School Committee and the Union are parties to a Collective Bargaining Agreement ("CBA") that became effective on September 1, 2008 through August 31, 2011. The CBA contains provisions regarding paid and unpaid leave including Section 14.4 of the CBA entitled "Returning from Leave," which reads:
 "Any teacher who is on Parental Leave, Adoption Leave, Unpaid Personal Leave, or Professional Leave must notify the Superintendent, in writing, of his/her intent to return to his/her assignment or of his/her request for an extension of his/her leave, at least forty-five (45) days prior to his/her *Page 2 
scheduled return date. Failure to do so shall be construed as a resignation and the administration may proceed to fill that position without further notice to the individual. This provision shall not be applicable to sick, disability, or FMLA leaves." (Agreement § 14.4.)
On January 26, 2010, the School Committee posted and implemented the Johnston School Committee Family Medical Leave Act Policy ("FMLA Policy"), which provides thirteen weeks of unpaid, job-protected leave to eligible employees. The FMLA Policy met the requirements of the federal Family Medical Leave Act ("FMLA") and the Rhode Island Family and Medical Leave Act ("RIFMLA"). The FMLA provides that an employee may be eligible for FMLA leave due to a "serious health condition," which is defined as an employee's incapacity for more than three consecutive days plus two visits to a health care provider, or one visit to a healthcare provider plus a regimen of continued treatment. 29 C.F.R. §§ 825.112-825.113 (2010).
The FMLA Policy adopted by the School Committee runs concurrently with leave provided to the teacher in the CBA. Previously teachers were permitted to discharge sick leave, pregnancy and disability leave separate and apart from discharging any FMLA entitlements, and thus, FMLA leave could be used consecutively with leave provided for in the CBA.
After the FMLA Policy was adopted by the School Committee, the Union filed a grievance, arguing that the FMLA Policy violated the CBA, and that the policy unilaterally required teachers to discharge FMLA time without the teachers' request. The grievance was considered and rejected by the Johnston Superintendent of Schools and the School Committee. *Page 3 
The matter then proceeded to arbitration. The Union and the School Committee submitted the following two issues for arbitration:
(1) "Does the Johnston School Committee Family Medical Leave Act Policy dated January 26, 2010 violate the Collective Bargaining Agreement?" and
(2) "Does the Johnston School Committee unilaterally require teachers to discharge the Family Medical Leave Act time without their requests? If so, what shall be the remedy?"
The arbitrator issued an Award on May 23, 2011, ruling that the terms of the FMLA Policy did not violate the CBA; the School Committee has the right to designate a leave request as FMLA leave, even if the employee does not request FMLA leave; and the School Committee was obligated to negotiate with the Union concerning the contractual impact of the FMLA Policy.
The School Committee filed a Miscellaneous Petition, Motion to Stay and Motion to Vacate the Arbitration Award in the Providence County Superior Court. The Union responded by filing an Objection and a Petition to Confirm the Arbitration Award.
 II STANDARD OF REVIEW
It is well settled that "the role of the judiciary in the arbitration process is `extremely limited.'" Aponik v.Lauricella, 844 A.2d 698, 703 (R.I. 2004) (per curium) (quotingPurvis Systems, Inc. v. American Systems Corp.,788 A.2d 1112, 1114 (R.I. 2002)). The Superior Court will review arbitration awards under a very deferential standard. StateDepartment of Corrections v. Rhode Island Brotherhood ofCorrectional Officers, 867 A.2d 823, 828 (R.I. 2005) (quotingRhode Island Brotherhood of *Page 4 Correctional Officers v. State Department of Corrections,707 A.2d 1229, 1234 (R.I. 1998)). This Court reviews arbitration awards in accordance with G.L. 1956 § 28-9-18, whichrequires the court to vacate an arbitrator's award "[w]here the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made." Sec. 28-9-18(a) (2);State Dep't of Corr. v. Rhode Island Bhd. of Corr. Officers,867 A.2d 823, 828 (R.I. 2005). An arbitrator exceeds his powers "by resolving a non-arbitral dispute or if the award fails to `draw its essence' from the agreement, if it was not based on a `passably plausible' interpretation thereof, if it manifestly disregarded a contractual provision, or if it reached an irrational result."Woonsocket Teachers' Guild, Local 951, AFT v. WoonsocketSch. Comm., 770 A.2d 834, 837 (R.I. 2001) (quoting State Dep'tof Children, Youth and Families v. Rhode Island Council 94,713 A.2d 1250, 1253 (R.I. 1998)).
The statutory authority to vacate an arbitration award does not authorize a court to re-examine contractual provisions. StateDep't of Mental Health, Retardation, Hosps. v. Rhode IslandCouncil 94, A.F.S.C.M.E., AFL-CIO,692 A.2d 318, 323 n. 11 (R.I. 1997) (internal quotations omitted). Where a party claims that an arbitrator has exceeded his or her authority, the claimant bears the burden of proving this contention, and every reasonable presumption in favor of the award will be made.Coventry Teachers' Alliance v. Coventry Sch. Comm.,417 A.2d 886, 888 (R.I. 1980). With respect to a motion to confirm an arbitration award, the court "must grant the order unless the award is vacated, modified, or corrected as prescribed in Secs. 28-9-18 and 28-9-19, or unless the award is unenforceable under the provisions of Sec. 28-9-13." *Page 5 
 III ANALYSIS
At the core of this action is the School Committee's implementation of the FMLA Policy. The School Committee argues that the Arbitration Award should be vacated because the arbitrator exceeded his authority by issuing an award. The award requires the School Committee and the Union to bargain over the FMLA Policy's impact on the CBA. This remedy was fashioned by the arbitrator after he ruled that the FMLA Policy did not violate the CBA and that the School Committee possessed the authority to unilaterally require teachers to discharge their FMLA leave time without their request. It is argued therefore that the award is irrational and does not "draw its essence" from the Agreement. See Woonsocket Teachers'Guild, Local 951, AFT v. Woonsocket School Committee,770 A.2d 834, 837 (R.I. 2001). The Union avers that the arbitrator correctly ruled in fashioning the award because the adoption of the FMLA Policy impacted and diminished the rights of the Union employees and, therefore, the School Committee was obligated to bargain with the Union over the contractual impact of the FMLA Policy.
Mindful of the parameters of this review, the Court will begin its analysis by surveying the task that the arbitrator undertook. The Parties framed two clearly defined issues submitted to arbitration. The first issue was answered in the negative: the FLMA Policy did not violate the CBA. Thereafter, the second issue was examined and the arbitrator concluded that the School Committee had the authority to adopt the FMLA Policy which provided for the unilateral designation of the leave by the School Committee. At this point the inquiry should have ended. See City of East Providence v. UnitedSteelworkers of America, Local 15509, 925 A.2d 246 (R.I. 2007). The Rhode *Page 6 
Island Supreme Court addressed an analogous issue in UnitedSteelworkers. There the arbitrator found that the City had just cause to suspend and terminate an employee, yet required the City to reinstate the employee. Id. The court held that it was "patently irrational" to find that the City acted with just cause, and then continue to fashion a remedy in favor of the employee.Id. at 256. Accordingly, the court found that by the terms of the issues submitted for arbitration, a finding that the City acted with just cause "should have brought the matter to a close" and the arbitrator exceeded his authority by requiring the City to reinstate the employee. Id. (citing State Dep't. of Corr.,867 A.2d at 830-31).
Similarly in the instant case, the arbitrator was asked to address specific questions. In answering the questions, the arbitrator began his analysis by reviewing the contractual leave provisions, the relevant federal and state FMLA provisions and the School Committee's FMLA Policy. The arbitrator noted that there was no provision in the CBA substantively discussing the employees' allotted FMLA leave. He also mentioned that the passing reference to the FMLA in Section 14.4 does not apply to FMLA leave. (Award at 7.) The arbitrator stated that the School Committee could mandate that an employee substitute paid leave for unpaid FMLA leave with both leaves being applied concurrently and, therefore, the Union could not rely on past practice. Accordingly, the School Committee had the right, subject to the statutory requirements, to designate the FMLA time even if the employee does not request the FMLA time. At this point, the matter should have been concluded and closed. He was to probe no further. Id. at 256. Instead, the arbitrator went beyond his authority and fashioned a remedy which contradicted the initial award. He directed that the School Committee *Page 7 
bargain collectively with the Union concerning the impact the FMLA Policy would have on the CBA. In so doing, the arbitrator cited to Article I, Section 3 of the CBA, which requires a written agreement to waive or modify the agreement:
 "There will be no waiver or modification of any of the terms or provisions of this agreement by any teacher with the School Committee. The terms and conditions of this Agreement shall not be modified, amended, or altered in any way unless made in writing and signed by both parties."
The arbitrator reasoned that because there was no evidence of a signed writing modifying a contract term, the School Committee is required to bargain with the Union over the impact of the FMLA Policy on the CBA provisions. This conclusion is unsound.
Neither the School Committee nor the Union argued that the FMLA Policy had in any way violated, modified or waived the provisions of the CBA. The arbitrator found that only a "long standing practice" of applying FMLA leave separately from other contractual parental and sick leave would be modified or violated. The arbitrator correctly concluded that a party to a CBA is not bound by a past practice unless the CBA contains a provision that explicitly preserves that past practice. Sec. 28-9-27. The Parties' most current CBA did not preserve the past practice in question. Nonetheless, the arbitrator concluded, without a basis, that the FMLA Policy "impacted" a few provisions of the CBA. It is true that a policy may impact a CBA in such a way as to trigger collective bargaining rights. See, e.g.,Belanger v. Matteson, 115 R.I. 332, 346 A.2d 124 (1975);see also Portland Firefighters' Association Local43 IAFF v. City of Portland, 145 Or.App. 255 (2011) (holding that the city was required to bargain about the numerous mandatory impacts of a return-to-work program). However, the Union never *Page 8 
requested that the School Committee engage in collective bargaining with respect to the FMLA Policy's impact on the CBA.
Having made his initial finding that the School Committee acted with authority, and did not violate the CBA and that the School Committee could unilaterally require teachers to discharge their FMLA time without their requests, the arbitrator should have ended there. Upon answering these questions as he did, the arbitrator had no additional authority to prevent the School Committee from implementing their FMLA Policy before bargaining collectively with the Union. See UnitedSteelworkers, 925 A.2d at 256. To fashion a remedy directing the Parties to bargain collective concerning the contractual impact of the FMLA Policy would have required a differed conclusion and result in the first instance. Therefore, the award is patently irrational.
Accordingly, this Court finds that the arbitrator exceeded his authority by reaching an irrational result.
 IV CONCLUSION
Based on the foregoing reasons, this Court concludes that the arbitrator has exceeded his authority. Accordingly, this Court hereby grants the Petitioner School Committee's Motion to Vacate the Arbitration Award, pursuant to Sec. 28-9-18(a) (2), and denies the Plaintiffs' Motion to Confirm the Arbitration Award. Counsel shall submit an Order consistent with this Decision.

 *Page 1